MULLIGAN v. NEW YORK & Q. C. R. R.

(City Court of New York, Trial Term.   May 15, 1903.)

1. CITY COURT—JURISDICTION—APPEARANCE.

Under Code Civ. Proc. § 315, giving the New York City Court jurisdiction of an action against a domestic corporation wherein the complaint demands judgment for a sum of money only, the court has jurisdiction of an action for personal injuries on a general appearance by a defendant corporation which was a resident of another county.

Action by one Mulligan against the New York & Queens County Railroad for personal injuries.  Motion to set aside a verdict and for new trial.  Motion granted conditionally.

Mr. Stewart, for the motion.

Mr. O'Connor, opposed.

O'DWYER, Judge.  It is urged that the court is without jurisdiction to entertain the action; it appearing that the plaintiff has never been a resident of New York county, that the cause of action arose in Queens county, and that the defendant is a domestic corporation operating its road and having its offices for the transaction of business in Queens county.  The action is brought to recover $2,000 damages for injuries alleged to have been sustained by reason of the sole negligence of the defendant.  The defendant appeared generally, and served its answer to the plaintiff's complaint, and the issue so joined is the subject hereof.  Section 315, Code Civ. Proc., states that the jurisdiction of the City Court of the city of New York extends to an action against a domestic corporation wherein the complaint demands judgment for a sum of money only.  By this provision the court is given jurisdiction of the subject-matter of the action, and, by its general appearance, defendant has submitted to the jurisdiction thereof.

Due consideration of the evidence respecting the injuries sustained by plaintiff convinces me that the verdict is excessive, and suggests mistake, partiality, prejudice, or palpable error on the part of the jury.

Motion to set aside verdict and for a new trial granted upon payment to plaintiff's attorney, within ten days, of the taxable costs and disbursements herein after notice of trial, unless within six days plaintiff stipulate to reduce the recovery herein to the sum of $500, in which event defendant's motion will be denied.  Settle order hereon on two days' notice.